

# NUMBER 13-20-00456-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

WILLIE EARNEST SEALS IV,                                        Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

---

### On appeal from the 440th District Court
### of Coryell County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Willie Earnest Seals IV appeals his conviction for possession of a controlled substance in penalty group 1 in an amount less than one gram, a state jail felony enhanced for punishment by two prior state-jail felony convictions. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); TEX. PENAL CODE ANN. § 12.425. A jury found appellant guilty, and the trial court sentenced him to a ten-year term of imprisonment in

the Institutional Division of the Texas Department of Criminal Justice in accordance with the jury's assessed punishment. *See* TEX. PENAL CODE ANN. § 12.34. Appellant's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. ANDERS BRIEF[1]

Appellant's appellate counsel has filed a motion to withdraw and a brief in support in which he states that he has searched the record in detail and has found no non-frivolous issues. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *see also Jefferson v. State*, No. 10-19-00206-CR, 2019 WL 6467322, at *1 (Tex. App.—Waco Nov. 27, 2019, no pet.) (mem. op., not designated for publication).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals in Waco by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

reversible error in the trial court's judgment. Appellant's counsel also informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw, and attached those documents to his notice to appellant; (2) informed appellant of his right to file a pro se response and to review the record preparatory to filing that response; (3) informed appellant of his right to seek discretionary review if we conclude that the appeal is frivolous[2]; and (4) provided appellant with a copy of the record.[3] *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An adequate time has passed, and appellant has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Stafford*, 813 S.W.2d at 511. We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] Appellant's counsel specifically informed appellant that "[u]pon the decision of [this Court he] may have a right to file a [p]etition for [d]iscretionary [r]eview in the Court of Criminal Appeals."

[3] Counsel has informed this Court that he has provided appellant with a copy of the record. *See Kelly v. State*, 436 S.W.3d 313, 320 n.22 (Tex. Crim. App. 2014); *see also Jefferson v. State*, No. 10-19-00206-CR, 2019 WL 6467322, at *1 n.1 (Tex. App.—Waco Nov. 27, 2019, no pet.) (mem. op., not designated for publication).

3

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
16th day of December, 2021.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.